UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Respondent<br><br>v.<br><br>MARTIN CANTU RUIZ,<br><br>       Defendant - Petitioner | Case No. 1:11-CR-240-BLW<br>Case No. 1:15-CV-142-BLW<br><br>**MEMORANDUM DECISION** |

      The defendant Martin Cantu Ruiz has filed a motion to set aside or correct his sentence under 42 U.S.C. § 2255.  The Government objected to all but one ground asserted by Ruiz, and conceded that he should be resentenced.  *See Response (Dkt. No. 6).*  Ruiz filed a Notice that he agreed with the Government's analysis.  *See Notice (Dkt. No. 7).*

      Accordingly, both sides agree that Ruiz's motion under § 2255 should be granted in part and denied in part.  They agree it should be granted as to his request for resentencing but denied in all other respects.

      With regard to the resentencing, Ruiz claims – and the Government agrees – that his 240 month sentence was imposed pursuant to the residual clause of the Armed Career Criminal Act (ACCA) that was later deemed unconstitutional in *Johnson v. U.S.,* 135 S. Ct. 2551 (June 26, 2015).  The Court agrees.

**Memorandum Decision – page 1**

Ruiz was indicted on one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and one count of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  *See Indictment (Dkt. No. 1)*.  On September 11, 2012, the jury found Ruiz guilty of count two unlawful possession of a firearm, and not guilty of count one possession of an unregistered firearm.  *See Verdict (Dkt. No. 58)*.

On December 20, 2012, this Court sentenced Ruiz to 240 months of imprisonment, to be followed by five years of supervised release.  *See Judgment (Dkt. No. 65)*.  The statutory maximum sentence on count two was ten years imprisonment, a $250,000 fine, and not more than three years supervised release.  However, the Court found that Ruiz had three prior convictions for violent felonies:  (1) Assault-Third Degree, in violation of Oregon Revised Statute § 163.165; (2) Battery on Corrections Officer, in violation of Idaho Code §§ 915(c) and 903; and (3) Aiding and Abetting Aggravated Battery, in violation of Idaho Code §§ 903(a), 907(a), 8502 and 8503.  *See Presentence Report* at ¶¶ 33, 39, & 40.  Because Ruiz fell within the terms of the residual clause of the ACCA, the minimum term of imprisonment on his count of conviction was 15 years and the maximum term was life.  *See* 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e).  The guidelines imprisonment range was determined to be 262 to 327 months.  Ruiz was sentenced to a below guidelines sentence of 240 months.

Over two years later, in *Johnson,* the Supreme Court held that the residual clause of the ACCA's "violent felony" definition was void for vagueness, and the decision is fully retroactive in ACCA cases.  Ruiz's conviction for Assault-Third Degree, in violation of Oregon Revised Statute § 163.165, could only be considered a violent felony

**Memorandum Decision – page 2**

under the residual clause, because it allows that the physical force be inflicted recklessly, as opposed to intentionally.  *See United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010).  Thus, Ruiz does not qualify for ACCA status, and cannot be sentenced to more than the statutory maximum of 120 months imprisonment.

    Accordingly, the Court will grant Ruiz's motion to the extent he seeks resentencing, and deny it as to the remainder.  The Court will also grant Ruiz's request to supplement his motion with this argument regarding the resentencing.  The Court will file a separate Judgment as required by Rule 58(a).

DATED: April 8, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court